IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DESMOND ALEXANDER, | ) |
| | ) Case No. 4:23-cv-02384 |
| Petitioner, | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) OPINION AND ORDER |
| WARDEN I. HEALY, | ) |
| | ) |
| Respondent. | ) |

Before the Court is Petitioner Desmond Alexander's ("Alexander") *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF Doc. 1. The government moves to dismiss Alexander's petition. ECF Doc. 5. For the following reasons, the Court <u>DENIES AS MOOT</u> and <u>DISMISSES</u> Alexander's habeas corpus petition. The Court <u>DENIES AS MOOT</u> the government's motion to dismiss.

Background and Procedural History

Alexander is a citizen of Dominica. ECF Doc. 1-1, PageID# 24. Prior to April 24, 2024, he was held at Federal Correctional Institution Elkton. ECF Doc. 1, PageID# 1. The Bureau of Prisons ("BOP") Inmate Locator reflects that the BOP released Alexander at the conclusion of his sentence on April 24, 2024.[1] Petitioner is currently in the custody of U.S. Immigration and Customs Enforcement, in Michigan.[2] In August 2016, a jury in the U.S. District Court for the Southern District of Florida (SDFL) convicted Alexander on two counts: conspiracy to possess with intent to distribute one thousand (1,000) kilograms or more of marijuana (Count 1); and

---

[1] Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc// (last accessed 5/3/2024).

[2] In email correspondence to the Court on May 6, 2024, the government confirmed that Alexander was released from BOP custody into ICE custody on April 24, 2024. Additionally, the government confirmed that he is now in ICE custody in Battle Creek, Michigan. ICE is detaining Petitioner in connection with his final order of removal.

1

possession with intent to distribute one thousand (1,000) kilograms or more of marijuana (Count 2). ECF Doc. 12 (SDFL Case no. 1:15-cr-20800-KMW). In October 2016, the SDFL court sentenced Alexander to 120 months imprisonment, five years supervised release, and a $200 special assessment. ECF Doc. 137 (SDFL Case no. 1:15-cr-20800-KMW). The following month, Alexander appealed, and in December 2017, the Eleventh Circuit Court of Appeals affirmed his judgment. ECF Docs. 138, 157 (SDFL Case no. 1:15-cr-20800-KMW). In June 2018, the U.S. Supreme Court denied Alexander's petition for a writ of certiorari. ECF Doc. 158 (SDFL Case no. 1:15-cr-20800-KMW). In February 2019, Alexander filed a motion to vacate under 28 U.S.C. § 2255 before the SDFL court. ECF Doc. 160 (SDFL Case no. 1:15-cr-20800-KMW). In May 2020, the court denied the motion. ECF Doc. 162 (SDFL Case no. 1:15-cr-20800-KMW).

Turning to the instant motion, this is Petitioner's second § 2241 petition related to his immigration status filed before this Court. In June 2023, Alexander filed his first § 2241 petition, challenging the BOP's determination that he was ineligible to apply his earned time credits under the First Step Act. ECF Doc. 1 (Case no. 4:23-cv-01142-DAP). Approximately three weeks later, the Court denied and dismissed without prejudice Alexander's petition for failure to exhaust his administrative remedies. ECF Docs. 1-2; 2; 3 (Case no. 4:23-cv-01142-DAP). On December 14, 2023, Alexander filed his second § 2241 petition, which is presently before the Court. ECF Doc. 1. Again, Alexander disputes BOP's determination that he is ineligible to apply his earned credits under the First Step Act. *Id.*

The government filed its answer to the petition/motion to dismiss on April 11, 2024. ECF Doc. 5. It contends that "Alexander is not eligible to earn FSA credit pursuant to 18 U.S.C. § 3632(d)(4)(E)(i), because he is subject to a final order of removal under 8 U.S.C. § 235(b)(1)."

2

ECF Doc. 5, PageID# 49. As of the date of this opinion and order, Alexander has not submitted a reply.

## Standard

Before federal inmates can seek habeas relief under 28 U.S.C. § 2241, they must fully exhaust their administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). To exhaust one's administrative remedies, a federal prisoner must take the following steps: (l) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally, (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 C.F.R. §§ 542.10-16; *Chastain v. Williams*, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020).

Turning to the First Step Act, eligible inmates who successfully participate in recidivism-reduction programming earn time credits, which can be applied toward prerelease custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). However, the First Step Act explicitly excludes certain inmates from earning or applying time credit. 18 U.S.C. § 3632(d)(4)(D)-(E). Relevant here is § 3632(d)(4)(E)(i), which reads:

> (E) Deportable prisoners ineligible to apply time credits.—
>
> (i) In general.—A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E)(i).

## Analysis

Before turning to the § 2241 petition, the Court first addresses Alexander's recent release

3

from BOP custody. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2). Additionally, Article III requires that an "actual controversy persist throughout all stages of litigation." *Hollingsworth*, 570 U.S. at 693 (internal quotations and citation omitted). When Alexander filed his first § 2241 in June 2023 and even his second § 2241 petition in December 2023, he was in BOP custody. And importantly, the Court had "the authority to issue a decision that [would] affect the rights of the litigant[]." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants.").

Now, however, that is no longer the case, as BOP released Alexander on April 24, 2024. Presently, even if the Court were to grant Alexander's petition, the Court could not afford him any "effectual relief." *Baker v. Bowers*, 2024 U.S. Dist. LEXIS 13665, at *2 (W.D. Tenn. Jan. 25, 2024) ("The mootness question turns on whether a federal court can afford a litigant any 'effectual relief.'") (quoting Coalition for *Gov't Procurement*, 365 F.3d at 458). Accordingly, the disputed issue of Alexander's earned time credits under the First Step Act is moot.

Even if the Court had reached the merits of Alexander's § 2241 petition before his release, the Court would still have denied his requested relief. First, regarding the exhaustion requirement[3], it appears that Alexander successfully exhausted his administrative remedies before filing the instant petition. Following the Court's Opinion and Order on June 26, 2023, Alexander exhausted his remaining administrative remedies. He appealed the Warden's denial on June 30, 2023. ECF Doc. 1-1, PageID# 20. Next, he appealed the Regional Counsel's denial

---

[3] The government does not address the exhaustion requirement in its answer to petition/motion to dismiss (ECF Doc. 5).

on November 15, 2023. *Id.* at PageID# 21. He then filed the instant petition on December 14, 2023. ECF Doc. 1. The Court finds that Alexander exhausted his administrative remedies. Accordingly, Alexander's third ground for relief—that requiring him to exhaust his administrative remedies would result in irreparable harm—is moot.

Turning to the substance of Alexander's § 2241 petition, his remaining three grounds for relief are centered on the same issue: whether Petitioner is eligible to apply earned time credits under the First Step Act, considering his Notice and Order of Expedited Removal (ECF Doc. 1-1, PageID# 24). The answer is no.

Alexander is not eligible to apply earned time credits under the First Step Act because he is subject to a final expedited order of removal. On March 22, 2023, the U.S. Department of Homeland Security (DHS) served Alexander with a Notice and Order of Expedited Removal. ECF Doc. 1-1, PageID# 24-25. According to the Notice and Order of Expedited Removal, DHS determined that under section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1), that Alexander was "inadmissible to the United States," pursuant to section 212(a)(7)(A)(i)(I) of the INA because: (1) Alexander is not a citizen or national of the United States; (2) he is a native and citizen of Dominica; (3) he is "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA];" and (4) he was paroled into the United States on September 29, 2015, at Miami, Florida for the purpose of prosecution. *Id.* at PageID# 24. Based on this determination, DHS found Petitioner "inadmissible as charged" and ordered him removed from the United States pursuant to § 235(b)(1) of the INA. *Id.*

Section 3632(d)(4)(E)(i) makes an inmate who is the subject of a "final order of removal under any provision of the immigration laws" ineligible to apply First Step Act time credits. 18

U.S.C. § 3632(d)(4)(E)(i). This section explicitly references and incorporates the definition of "immigration laws" under § 101(a)(17) of the INA. *Id.* The INA defines "immigration laws" as "this Act and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." 8 U.S.C. §1101(a)(17). Additionally, the INA defines the term "order of deportation" as an "order . . . concluding that the alien is deportable or ordering deportation." 8 U.S.C. §1101(a)(47). Generally, an order of deportation becomes final upon the earlier of: (1) the Board of Immigration Appeals' affirmation of the deportation order; or (2) "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* at § 1101(a)(47)(B)(i) and (ii). But an expedited order of removal is treated differently; there is no right to appeal an expedited order of removal to the Board of Immigration Appeals. *See* 8 C.F.R. § 235.3(b)(2)(ii)[4] (providing that "an alien is not entitled to . . . an appeal of the expedited removal order to the Board of Immigration Appeals.").

Here, Alexander is the subject of an "order of expedited removal," that DHS issued pursuant to a federal law, § 235(b)(1) of the Immigration and Nationality Act. ECF Doc. 1-1, PageID # 24. The expedited removal order became final when DHS ordered Alexander deported because the order is not subject to administrative review. Accordingly, Alexander's expedited removal order is a final order of removal that makes him ineligible to apply earned time credits under the First Step Act.

---

[4] 8 C.F.R. § 235.3(b)(2)(ii) provides: "Except as otherwise provided in this section, such alien is not entitled to a hearing before an immigration judge in proceedings conducted pursuant to section 240 of the Act, or to an appeal of the expedited removal order to the Board of Immigration Appeals."

Conclusion

For the foregoing reasons, Alexander's § 2241 petition and the government's motion to dismiss are <u>DENIED AS MOOT</u>. Alexander's petition is <u>DISMISSED</u>.

IT IS SO ORDERED.

Date: May 7, 2024

<u>/s/ Dan Aaron Polster</u>
Dan Aaron Polster
United States District Judge